UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
DESHAUN WESTON, TERRENCE BACHU, and : 
GREGORY CAMPBELL, on behalf of themselves and all : Case No. 17 Civ. 141
others similarly situated, :
: CLASS AND COLLECTIVE
                            Plaintiffs, : ACTION COMPLAINT
      - against - :
:
:
TECHSOL, LLC, f/k/a TECHNOLOGY SOLUTIONS, INC., :
:
:
                            Defendant. :
------------------------------------------------------------------------- X

       Plaintiffs Deshaun Weston, Terrence Bachu, and Gregory Campbell ("Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, by their attorneys Shulman Kessler LLP, Lichten & Liss-Riordan, P.C., and Berger & Montague, P.C., file this Class and Collective Action Complaint ("Complaint") against Defendant Techsol, LLC f/k/a Technology Solutions, Inc. ("Defendant" or "TSI") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law ("NYLL" or "N.Y. Lab. Law"), 12 NYCRR § 142, *et. seq.* and supporting regulations. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

## JURISDICTION & VENUE

       1.     This court has general federal question jurisdiction pursuant to 28 U.S.C. §1331, because Plaintiffs have brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. The court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiffs' claims occurred within this judicial district, and Defendant maintains an office in this judicial district.

**PARTIES**

*Plaintiff Deshaun Weston*

3. Plaintiff Deshaun Weston ("Weston") is a resident of Brooklyn, New York.

4. At all times relevant to the Complaint, Weston was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

5. Weston has been employed by TSI as a cable TV installation and repair technician ("technician") in New York between approximately October 2012 and the present.

6. Weston expressed his consent to make these claims against TSI by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (See Exhibit A).

*Plaintiff Terrence Bachu*

7. Plaintiff Terrence Bachu ("Bachu") is a resident of Ozone Park, New York.

8. At all times relevant to the Complaint, Bachu was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

9. Bachu has been employed by TSI as a cable TV installation and repair technician in New York between approximately February 2014 and the present.

10. Bachu expressed his consent to make these claims against TSI by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (See Exhibit B).

*Plaintiff Gregory Campbell*

11. Plaintiff Gregory Campbell ("Campbell") is a resident of Brooklyn, New York.

12. At all times relevant to the Complaint, Campbell was an "employee" within the

meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

13. Campbell has been employed by TSI as a cable TV installation and repair technician in New York between approximately January 2014 and the present.

14. Campbell expressed his consent to make these claims against TSI by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (See Exhibit C).

*Defendant TechSol, LLC*

15. Defendant TechSol, LLC, formerly known as Technology Solutions, Inc. ("Defendant" or "TSI") is a telecommunications company with its headquarters in the state of Illinois, which maintains work locations and offices around the United States and in several communities in the state of New York, including Brooklyn, New York.

16. At all times hereinafter mentioned, TSI was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

17. At all times hereinafter mentioned, the activities of TSI constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

18. Upon information and belief, TSI maintains control, oversight, and direction over their operation and employment practices.

19. TSI employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

20. TSI's annual gross volume of business exceeds $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

21. At all relevant times, TSI has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other

employment practice that applied to them.

22. TSI has applied the same employment policies, practices, and procedures to all those employed, including policies, practices, and procedures with respect to payment of wages, deductions, and overtime compensation.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who work or have worked for TSI as cable TV installation and repair technicians within the last 3 years and who elect to opt-in to this action.

24. TSI unlawfully required Plaintiffs and all individuals employed as cable TV installation and repair technicians to work in excess of 40 hours per week without paying them overtime compensated for every hour worked in excess of 40 hours per week.

25. Plaintiffs and the FLSA Collective Action members are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to TSI's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, TSI's common compensation, timekeeping and payroll practices.

26. Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All current or former cable TV installation and repair technicians of TechSol, LLC, formerly known as Technology Solutions, Inc. ("TSI"), who performed work for TSI in the United States three years prior to the filing of their respective consent forms (hereinafter the "FLSA Collective").

27. TSI was aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the FLSA Collective Action members, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours TSI suffered or permitted them to work in excess of 40 per workweek.

28. Upon information and belief, TSI applied the same unlawful policies and practices to their cable TV installation and repair technicians throughout the State of New York and nationwide.

29. The FLSA Collective Action Members are readily identifiable, and may be located through TSI's records, as well as the records of any payroll companies that TSI utilizes. TSI employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23**
**NEW YORK CLASS ACTION ALLEGATIONS**

30. Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Causes of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All current or former cable TV installation and repair technicians of TechSol, LLC, formerly known as Technology Solutions, Inc. ("TSI"), who performed work for TSI in New York at any time between January 10, 2011 and the present (the "New York Class").

31. The members of the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of TSI.

32. Upon information and belief, there are more than 40 members of the New York Class.

33. There are questions of law and fact common to the proposed New York Class Members, which predominate over any questions affecting only individual New York Class Members, including, without limitation:

   a. whether TSI failed to keep accurate time records for all hours worked by the New York Class Representatives and the New York Class;

   b. whether TSI failed to pay proper compensation to New York Class Representatives and the New York Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law § 190;

   c. whether TSI failed to pay proper compensation to New York Class Representatives and the New York Class for all hours worked in violation of N.Y. Lab. Law §191;

   d. whether TSI unlawfully deducted wages from the New York Class Representatives and the New York class in violation of N.Y. Lab. Law § 193;

   e. whether TSI failed to furnish the New York Class Representatives and New York Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

   f. the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representatives and the New York Class;

   g. whether TSI acted willfully or with reckless disregarding in its failure to pay the New York Class Representatives and the New York Class; and

   h. the nature and extent of class-wide injury and the measure of damages for those injuries.

34. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class Members because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

35. Further, the New York Class Representatives and the New York Class Members have been equally affected by TSI's failure to pay proper wages. Moreover, members of the New York Class still employed by TSI may be reluctant to raise individual claims for fear of retaliation.

36. TSI has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

37. Plaintiffs' claims are typical of those of the New York Class. Plaintiffs and the other New York Class Members were subjected to TSI's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiffs' job duties are typical of those of the class members.

38. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from TSI's own records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual New York Class Members that would establish incompatible standards of conduct for TSI.

39. A class action is superior to other available methods for adjudication of this controversy because joinder of all class members is impractical. Further, the amounts at stake for many of the New York Class Members, while substantial, are not great enough to enable them to maintain separate suits against TSI.

40. Without a class action, TSI will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## CLASS-WIDE FACTUAL ALEGATIONS

41. Plaintiffs and the members of the FLSA Collective and New York Class (collectively, "Class Members") are victims of TSI's common policies and plans that violated their rights under the FLSA and the NYLL by failing to pay proper compensation for all hours worked including time-shaving from employees' hours; failing to compensate at the proper overtime rate for all hours worked over 40 per workweek; failing to pay employees' spread of hours pay; and unlawfully deducting from employees' wages. At all relevant times, TSI's unlawful policies and patterns or practices have been willful.

42. TSI is a cable and telecommunications installation and repair company that provides services throughout the United States.

43. TSI employs non-exempt cable TV installation and repair technicians ("technicians"), including Plaintiffs, throughout the United States.

44. TSI employs technicians, including Plaintiffs, who perform installation and repair services in New York and across the United States.

45. Plaintiffs work for TSI out of its Brooklyn, New York garage, primarily conducting cable TV installation, repair and related services, for Altice USA f/k/a Cablevision

8

and other cable companies. At any given time, there are approximately 30 other technicians working for TSI out of the Brooklyn garage.

46. Plaintiffs and the Classes are all blue collar workers who are not subject to any of the exemptions to the FLSA or NYLL.

47. Plaintiffs and other TSI technicians work on average ten (10) to twelve (12) hours per day, five (5) or six (6) days per week. Although Plaintiffs are supposed to be paid the greater of their hourly/overtime rate or the value of their production, they have not received compensation for the full value of either.

48. Upon information and belief, Plaintiffs and proposed class did not receive pay of one additional hour at the New York State minimum wage rate for every shift in which they worked in excess of 10 hours.

49. Upon information and belief, TSI engaged in a "time-shaving" policy, whereby it failed to pay Plaintiffs and members of the Classes for all hours worked.

50. Moreover, prior to March 2016, TSI maintained a policy whereby it deducted thirty (30) minutes per day for a purported lunch break. Plaintiffs, however, were not given time to take lunch and were instead forced to work through their purported lunch breaks. While TSI knew Plaintiffs worked through their lunches, TSI did not pay Plaintiffs for this working time.

51. TSI also made improper deductions from the pay of Plaintiffs and the Classes by charging Plaintiffs and the Classes for equipment which they allegedly had misplaced; "exceptions" in work orders; and for other "miscellaneous" amounts, including parking tickets and appointments where the client did not show up.

52. TSI required Plaintiffs and the Classes to pay for their cellular phones, boots, and the tools they use to perform their jobs.

53. Additionally, TSI engaged in a scheme whereby it changed Plaintiffs' and Class Members' hourly rates without notice in violation of the notice requirements of the NYLL.

54. TSI maintained an "A" pay and a "B" pay for compensation, through which it could and did raise and lower the technicians' hourly rates without notice to the technicians.

55. TSI changed the Plaintiffs' and the Class Members' pay rates based on its own metrics, and Plaintiffs and the Class Members' often did not know their pay rates until they saw their pay stubs.

56. As a technology services company that operates throughout the United States, there is no question that TSI has access to human resource expertise and legal counsel who can advise TSI on its wage and hour compliance obligations.

57. TSI has previously been the subject of lawsuits alleging violations of the FLSA and state wage and hour laws. Despite these lawsuits, TSI failed to comply with the mandates of the FLSA or NYLL.

58. During the entire relevant time period, TSI was aware that Plaintiffs and the Classes were not properly compensated under the FLSA and NYLL, because TSI did not keep accurate records of the time that Plaintiffs and the Classes worked each day and week.

59. TSI has acted willfully and/or with reckless disregard of the applicable FLSA and NYLL provisions, by failing to properly record hours and failing to compensate Plaintiffs and the Classes for hours worked in excess of forty (40) during the workweek.

60. Furthermore, TSI failed to properly track, monitor or record the actual number of hours per day that the Class members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours

worked each day and each week).

## PLAINTIFFS' FACTUAL ALLEGATIONS

*Plaintiff Deshaun Weston*

61. Plaintiff Deshaun Weston was an employee of TSI, working under its direct supervision.

62. Weston has been employed by TSI from in or about October 2012 to the present.

63. Weston's paystubs often failed to properly list his hours worked.

64. Specifically, for the week of June 1, 2014 to June 7, 2014, although Weston estimates that he worked approximately 55 hours, his paystub indicates that he worked only 41.41 hours.

65. TSI often unlawfully deducted from Weston's wages.

66. Specifically, unlawful deductions were made from Weston's pay for parking in an unauthorized parking zone and allegedly losing equipment.

*Plaintiff Terrence Bachu*

67. Plaintiff Terrence Bachu was an employee of TSI, working under its direct supervision.

68. Bachu has been employed by TSI as a technician since in or about February 2014 and the present.

69. Bachu's paystubs often failed to properly list his hours worked.

70. Specifically, for the week of October 25, 2015 to October 31, 2015, although Plaintiff Bachu estimates that he worked approximately 55 hours, his paystub indicates that he worked only 44.18 hours.

71. TSI often unlawfully deducted from Bachu's wages.

72. Specifically, unlawful deductions were made from Bachu's pay for parking tickets.

*Plaintiff Gregory Campbell*

73. Plaintiff Gregory Campbell was an employee of TSI, working under their direct supervision.

74. At all times relevant to the Complaint, Campbell was an "employee" within the meaning of Section 3(e) of the FLSA , 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

75. Campbell has been employed by TSI since in or about January 2014 to the present.

76. Campbell's paystubs often failed to properly list his hours worked.

77. Specifically, for the week of April 5, 2015 to April 11, 2015, although Plaintiff Campbell estimates that he worked approximately 55 hours, his paystub indicates that he worked only 46.27 hours.

78. TSI often unlawfully deducted from Campbell's wages.

79. Specifically, unlawful deductions were made from Campbell's pay for parking tickets.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

80. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

81. Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

82. TSI employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in

excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

83. TSI's compensation scheme applicable to Plaintiffs and the FLSA Collective fails to comply with 29 U.S.C. § 207(a)(1).

84. Plaintiffs have expressed their consent to make these claims against TSI by filing written consent forms pursuant to 29 U.S.C. § 216(b).

85. TSI failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

86. Because TSI's violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

87. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the FLSA Collective incurred damages thereby and TSI is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

88. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

89. TSI has employed Plaintiffs and members of the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the New York Class for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

90. By the course of conduct set forth above, TSI has violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

91. TSI has failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and members of the New York Class.

92. TSI has maintained a policy and practice failing to pay overtime compensation for all hours worked to Plaintiffs and the New York Class.

93. TSI's failure to pay overtime compensation to Plaintiffs and the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

94. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and TSI is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to TSI's unlawful and willful conduct, as the Court deems just and proper.

95. Plaintiffs, on behalf of themselves and the New York Class, seek recovery of liquidated damages, attorneys' fees, and costs to be paid by TSI as provided by the NYLL.

### THIRD CAUSE OF ACTION
### Violation of the NYLL Article 19 - Spread-of-Hours Pay
### (Brought on Behalf of Plaintiffs the New York Class)

96. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

97. TSI has willfully failed to pay Plaintiffs and the New York Class Members additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than ten (10) hours.

98. By its failure to pay Plaintiffs and the New York Class Members spread-of-hours pay, TSI has willfully violated NYLL Art. 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

99. Due to TSI's violations of the NYLL, Plaintiffs and the New York Class

Members are entitled to recover from TSI their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
## NYLL – Unpaid Non-Overtime Wages
## (Brought on behalf of Plaintiffs and the members of the New York Class)

100. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

101. Plaintiffs were entitled to their regular hourly wage for each hour they worked for TSI up to and including 40 per week.

102. TSI employed Plaintiffs and members of the New York Class and willfully failed to compensate Plaintiffs and members of the New York Class at the regular hourly rate for all hours worked up to and including 40 hours per week, in violation of the requirements of the NYLL, specifically N.Y. Lab. Law § 661(3).

103. The complete records concerning the number of hours worked by Plaintiffs and members of the New York Class as well as the compensation Plaintiffs and members of the New York Class received in workweeks in which unpaid hours were worked are in the exclusive possession and control of TSI, and as such, Plaintiffs are unable to state at this time the exact amount due and owing to them.

104. By the course of conduct set forth above, TSI violated N.Y. Lab. Law § 650, *et seq*.

105. TSI failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and members of the New York Class.

106. TSI has a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and members of the New York Class.

107. TSI's failure to pay compensation to Plaintiffs and members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

108. As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and TSI is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to TSI's unlawful and willful conduct, as the Court deems just and proper.

109. Plaintiffs, on behalf of themselves and the New York Class, seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by TSI as provided by the NYLL.

## FIFTH CAUSE OF ACTION
### Violation of NYLL Article 6 - Unlawful Deductions
### (Brought on Behalf of Plaintiffs and the New York Class)

110. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

111. TSI has willfully taken unlawful deductions from Plaintiffs' and New York Class Members' pay, by charging Plaintiffs and the New York Class Members improper amounts for, *inter alia*, purportedly lost boxes, "exceptions" in work orders, and for other "miscellaneous" amounts, including parking tickets and appointments where the client did not show up in violation of NYLL Art. 6, § 193.

112. Due to TSI's violations of the NYLL, Plaintiffs and the New York Class Members are entitled to recover from TSI all unlawful deductions, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### Violation of the NYLL Article 6 – Recordkeeping and Notice Requirements
### (Brought on Behalf of Plaintiffs the New York Class)

113. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

114. At all relevant times, TSI employed and/or continue to employ Plaintiffs and each New York Class Member within the meaning of the NYLL, §§ 2 and 651.

115. TSI has willfully failed to supply Plaintiffs and the New York Class Members notice as required by Article 6, § 195, on the date of hire and again each year, in English or in the language identified by Plaintiffs and the New York Class Members as their primary language, containing Plaintiffs' and New York Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

116. TSI failed to supply Plaintiffs and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

117. Due to TSI's violations of N.Y. Lab. Law § 195, for each workweek that TSI failed to provide a proper wage notice from April 9, 2011 through February 26, 2015, Plaintiffs and members of the New York Class are each entitled to damages of $50, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

118. Due to TSI's violations of N.Y. Lab. Law § 195, for each workweek that TSI failed to provide a proper wage notice from February 2, 2015, through the present Plaintiffs and members of the New York Class are each entitled to damages of $100, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

119. Due to TSI's violations of N.Y. Lab. Law § 195, for each workweek that TSI failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs and members of the New York Class are each entitled to damages of $100, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

120. Due to TSI's violations of N.Y. Lab. Law § 195, for each workweek that TSI failed to provide a proper wage statement from February 2, 2015, through the present Plaintiffs and members of the New York Class are each entitled to damages of $250, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**JURY DEMAND**

121. Plaintiffs demand a trial by jury for all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, seek the following relief:

A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to the potential FLSA Collective Action members;

C. An order permitting this litigation to proceed as a Rule 23 class action with respect to the New York Class;

D. Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and pre-judgment and post-judgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the law;

F. Injunctive relief to the fullest extent permitted under the law;

F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

Dated: Melville, New York  
   January 10, 2017

Respectfully submitted,

/s/ Troy L. Kessler  
Troy L. Kessler  
Saranicole A. Duaban  
SHULMAN KESSLER LLP  
534 Broadhollow Road, Suite 275  
Melville, NY 11747  
(631) 499-9100  
Email: tkessler@shulmankessler.com  
   sduaban@shulmankessler.com

Harold Lichten*
Olena Savytska*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email: hlichten@llrlaw.com
      osavytska@llrlaw.com

Shanon J. Carson*
Sarah R. Schalman-Bergen*
Alexandra K. Piazza*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
Email: scarson@bm.net
      sschalman-bergen@bm.net
      apiazza@bm.net

**Pro Hac Vice* to be filed.

*Attorneys for Plaintiffs*