# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

DESHAUN WESTON, TERRENCE BACHU, and                    :
GREGORY CAMPBELL, on behalf of themselves and all      :    Case No.  1:17-cv-00141-CBA-CLP
others similarly situated,                             :
                                                       :
                              Plaintiffs,              :
            - against -                                :
                                                       :
                                                       :
TECHSOL, LLC, F/K/A TECHNOLOGY SOLUTIONS,              :
INC.,                                                  :
                                                       :
                                                       :
                              Defendant.           X
-------------------------------------------------------------------------

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between the Plaintiffs Deshaun Weston,

Terrence Bachu and Gregory Campbell ("**Plaintiffs**"), and Defendant TechSol, LLC, f/k/a

Technology Solutions, Inc. ("**Defendant**" or "**TechSol**") (collectively, the "**Parties**").

## RECITALS

1.      Plaintiffs Deshaun Weston, Terrence Bachu and Gregory Campbell ("**Plaintiffs**"

or "**Collective Representatives**"), filed a Class and Collective Action Complaint in the District

Court for the Eastern District of New York on January 11, 2017, alleging violations of the Fair

Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York state law (the "**Action**",

ECF No. 1.) Plaintiffs allege that TechSol failed to pay them and its other Cable TV installation

and Repair Technicians proper overtime compensation when they worked more than forty (40)

hours per week. The Plaintiffs are represented by Lichten & Liss-Riordan, P.C., Berger &

Montague, P.C., and Shulman Kessler LLP ("**Plaintiffs' Counsel**").

2.      On March 24, 2017, TechSol filed its Answer to the Complaint. (ECF No. 23.)

1

3. On May 30, 2017, the Court granted the Parties' Stipulated Order Regarding Alternative Dispute Resolution ("ADR Stipulation"). (ECF No. 32.)

4. In conjunction with seeking approval of this Settlement, Plaintiffs will file an Amended Collective Action Complaint ("Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2), removing the class action allegations.

5. Prior to filing the Action and in connection with the Parties' ADR Stipulation, Plaintiffs conducted their own investigation into the facts in the Action; the Parties engaged in substantial discovery; and they participated in a full-day, in-person mediation session with experienced mediator Anne-Marie Estevez, Esquire, in Chicago, Illinois, on September 19, 2017.

6. Negotiations then continued for more than two months after the formal mediation session. During mediation, and in discovery, Plaintiffs' Counsel reviewed hundreds of documents, including numerous data compilations, to calculate alleged damages. Defendant, in turn, produced certain data related to the jobs and services performed by the putative collective in order to permit the Parties to make appropriate calculations. Plaintiffs' Counsel's data analyst prepared detailed damages estimates for the Collective Members.

7. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement with Defendant is extremely fair, reasonable, and adequate, and is in the best interest of this Settlement Collective (as hereinafter defined) in light of all known facts and circumstances, including the significant risk of delay, the possibility of Defendant's defenses being successful, and the possibility that certain of the damages claimed by Plaintiffs are not recoverable.

8. Although Defendant denies any liability, Defendant has agreed to settle the claims on the terms set forth herein in the interest of trying to resolve disputed claims without further

DocuSign Envelope ID: 149070D2-6382-4888-8C44-81B57801644D

protracted litigation.

9.     The Parties believe that the Settlement being proposed to this Court is fair, reasonable, and adequate. The Settlement is the product of arms'-length negotiations, which took into account all relevant factors. The Parties recognize the uncertainty, risk, expense, and delay attendant to continuing the Action through trial and any appeal. Additionally, the Parties acknowledge that the negotiated Gross Settlement Amount is based, in part, on Defendant's asserted inability to pay a greater amount if the Lawsuit were to continue.

10.     Accordingly, the Parties desire to fully, finally, and forever settle, compromise and discharge all disputes and claims arising form or relating to this Action.

### CONDITIONS PRECEDENT TO EFFECTIVENESS OF SETTLEMENT

11.     The Parties will cooperate to promptly obtain certification of the Settlement Collective (defined below) and approval of the Settlement.

12.     Prior to the Approval Hearing, to be set at a date and time to be determined by the Court, Plaintiffs shall submit an Unopposed Motion for Approval of Collective Action Settlement ("**Motion for Settlement Approval**") to the Court along with a proposed Notice (Ex. A) and Claim Form (Ex. B), and a Proposed Order, requesting that the Court1) certify the Settlement Collective (defined below) for settlement purposes only; 2) approve attorneys' fees in the amount of one-third of the Gross Settlement Amount (defined below) and costs actually incurred; 3) approve the proposed Notice and Claim Form and authorize distribution of the Notice and Claim Form to the Settlement Collective; and 4) grant final approval of the Settlement Agreement.

13.     This Settlement shall become final and effective on the first day following the Court's Order approving the Settlement (**"Settlement Effective Date"**).

DocuSign Envelope ID: 149070D2-6382-4888-8C44-818B7801644D

14.     After entry of the Order Approving the Settlement, the Court shall have continuing jurisdiction over this action solely for purposes of (a) enforcing this Settlement; (b) addressing settlement administration matters; and (c) addressing such post-judgment matters as may be appropriate under Court rules or applicable law.

15.     In the event that this Settlement is not approved by the Court, fails to become effective, or is reversed, withdrawn or modified by the Court:

(a) The Parties agree to continue to negotiate in good faith and attempt to reach an agreement with terms that are acceptable to the Parties and the Court;

(b) This Settlement shall be void *ab initio* and of no force or effect, and shall not be admissible in any judicial, administrative or arbitral proceeding for any purpose or with respect to any issue, substantive or procedural;

(c) None of the Parties to this Settlement shall be deemed to have waived any claims, objections, defenses or arguments in this Lawsuit, including with respect to the issue of class or collective certification, rather, Defendant shall expressly reserve all rights to challenge all claims and allegations in this Lawsuit upon all procedural and factual grounds, including, without limitation, the ability to challenge class or collective treatment on any grounds, as well as assert any and all other potential defendants or privileges;

(d) Plaintiffs shall agree that Defendant retains and reserves these rights, and shall agree not to argue or present any argument, and shall waive any argument that, based on this Settlement, Defendant cannot contest collective action certification on any grounds or assert any and all other potential defenses and privileges; and

(e) If the Parties are unable to reach an agreement with terms that are acceptable to the Parties and the Court, the Parties may move forward with the Lawsuit as though no settlement had been reached, all of the Parties to the actions being placed in the same position they were before this Settlement was proposed, negotiated, or agreed upon; and

(f) Any payments made by TechSol to Plaintiffs' Counsel shall be refunded to TechSol's Counsel within seven (7) business days.

## CERTIFICATION OF THE SETTLEMENT COLLECTIVE

16.     For purposes of Settlement only, the Defendants will not oppose Plaintiffs' request that the Court certify the following Collective Action for purposes of settlement (the "**Settlement Collective**"):

all current or former Cable TV installation and Repair Technicians who performed work for TechSol in New York during the time period from December 23, 2013 to February 4, 2017 (the "**Collective Period**").

17.     Defendant has represented that there are 330 members of the Settlement Collective, and Plaintiffs have relied on this number in entering this Settlement Agreement.

18.     The Parties agree that if the Settlement provided for herein is not approved by the Court, then no collective will be deemed certified by or as a result of this Settlement.

19.     Defendant's agreement to certification of the Settlement Collective shall be without prejudice to Defendant's rights to oppose the certification of any collective for purposes of trial in the Lawsuit in the event that the Settlement is not approved by the Court.

## SETTLEMENT CONSIDERATION AND OTHER TERMS OF SETTLEMENT

20.     The total payment to be made by Defendant under this settlement on behalf of the Settlement Collective is FIVE HUNDRED AND FIFTY THOUSAND DOLLARS

($550,000.00) (the "**Gross Settlement Amount**"). The Gross Settlement Amount shall include attorneys' fees and costs, the costs of settlement administration, any service awards to the Named Plaintiffs that are approved by the Court, as well as the amounts owed to Plaintiffs Bachu and Campbell in recognition of their acceptance of Defendant's Offers of Judgment pursuant to Rule 68. Defendant shall pay the employer's share of the payroll taxes applicable to any portion of the Gross Settlement Amount in addition to the Gross Settlement Amount. Defendant shall be responsible for its own attorneys' fees and costs. Further, the Parties agree that this is a non-reversionary Settlement, and no funds shall revert to Defendant.

21.     Defendant shall deposit the Gross Settlement Amount with Plaintiffs' Counsel as follows:

a.  Defendant shall deposit Two Hundred and Fifty Thousand Dollars and Zero Cents ($250,000.00) of the Gross Settlement Amount by wire into an escrow account chosen by Plaintiffs' Counsel ("**Settlement Escrow Account**") no later than five (5) business days after the Court grants approval to the settlement.

b.  Defendant shall deposit the remainder of the Gross Settlement Amount (i.e., $300,000.00) by wire into the Settlement Escrow Account within ten (10) business days after the deadline for submitting Claim Forms, or July 1, 2018, whichever date is later.

22.     Prior to this Settlement Agreement becoming effective, the Parties shall prepare a judgment in favor of the Plaintiffs and Collective Members and against Defendant, in the amount of the Gross Settlement Amount. This judgment shall be held by Anne Marie Estevez, Esq. and shall not be filed unless Defendant defaults on any scheduled payment of the Gross Settlement Amount, but only after being provided thirty (30) days to cure the defaulted payment. The

collection of the judgment shall take into account the payments made by TechSol prior to any default. The judgment shall be filed at least five (5) business days before TechSol declares any bankruptcy.

23.     The Gross Settlement Amount will be used to pay the claims of the Settlement Collective Members (including, without limitation, the Plaintiffs) and shall be used to pay all enhancement payments approved by the Court, all administrative expenses necessary to effectuate this Settlement and provide notice and payment, and all attorneys' fees and costs awarded to the law firms of Lichten & Liss-Riordan, P.C., Berger & Montague, P.C., and Shulman Kessler, LLP.

24.     Defendant has provided to Plaintiffs' Counsel data regarding the jobs worked by members of the Settlement Collective defined above. Within fifteen (15) calendar days after the Court's approval of the Settlement, Defendant shall provide Plaintiffs' Counsel an electronic spreadsheet containing the names, last known addresses, last known telephone numbers, last known email addresses (if any), and social security numbers or tax ID numbers of each Settlement Collective Member. In addition, Defendant shall provide Plaintiffs' Counsel with an electronic database listing the total number of workweeks and dates of employment that each Settlement Collective Member worked while performing installation work for the Defendant between December 23, 2013 and February 4, 2017.

## PROPOSED ATTORNEYS' FEES AND COSTS

25.     Subject to the Court's approval of the Settlement, Defendant does not oppose a fee award to Plaintiffs' Counsel, in the aggregate amount of one-third (1/3) of the Gross Settlement Amount, as well as an award of Plaintiffs' Counsel's costs in this action.

26.     The effectiveness of this Settlement is not conditioned upon any specific

attorneys' fee and expense award by the Court. Defendant shall issue an IRS Form 1099 to Plaintiffs' Counsel.

27.     Payment of the attorneys' fees and expenses awarded to Plaintiffs' Counsel by the Court shall constitute full satisfaction of any obligation to pay any amounts to Plaintiffs' Counsel in connection with this action.

## PROPOSED ENHANCEMENTS FOR NAMED COLLECTIVE REPRESENTATIVES

28.     The Motion for Settlement Approval shall include a request for an enhancement payment from the Gross Settlement Amount of an amount not to exceed $5,000.00 to each of the Named Plaintiffs (*i.e.*, Deshaun Weston, Terrence Bachu and Gregory Campbell) as an enhancement for their services as Collective Representatives (each payment being an "Enhancement Payment," and collectively, the "Enhancement Payments"). Defendant will not oppose this request. Failure of the Court to award the requested Enhancement Payments to the Plaintiffs is not a ground to void the Settlement. If such Enhancement Payments are approved by the Court, Plaintiffs' Counsel will pay the approved amount to the Named Plaintiffs from the Gross Settlement Amount at the same time that checks are sent to Settlement Collective Members.

## ALLOCATION OF CLASS SETTLEMENT FUND

29.     As used herein, the term "**Net Settlement Fund**" means the Gross Settlement Amount less 1) attorneys' fees equal to one-third of the Gross Settlement Amount; 2) attorneys' expenses not to exceed $16,500.00;3) $5,000 enhancement awards for Named Plaintiffs Weston, Bachu, and Campbell totaling $15,000; 4) administrative costs not to exceed $2,000; and 5) $20,000 each to Plaintiffs Bachu and Campbell in recognition of their acceptance of Defendant's Offers of Judgment, all subject to approval by the Court.

30.     The Parties agree that 50% of each settlement payment made to a Participating Collective Member (as defined below) shall be designated as back wages for which an IRS Form W-2 shall be issued, and the other 50% shall be designated as liquidated damages for which an IRS Form 1099 shall be issued.

31.     The Net Settlement Amount shall be distributed to Plaintiffs, individuals who have already filed Opt-In Consent Forms ("**Opt-In Plaintiffs**"), and members of the Settlement Collective who submit Claim Forms ("**Participating Collective Members**").

32.     All Settlement Award determinations shall be based on Defendant's payroll and timekeeping data for Settlement Collective Members. Plaintiffs' Counsel shall calculate settlement shares for each Participating Collective Member as follows:

    (a) Plaintiffs' Counsel will use compensation data provided by TechSol to determine the number of weeks worked by each Participating Collective Member during the Collective Period;

    (b) The Net Settlement Amount will then be divided by the total estimated number of workweeks worked by all Participating Collective Members to arrive at the payment due to each Collective Members for each week worked.

    (c) The settlement share owed to each Participating Collective Member will be calculated by dividing the number of workweeks worked by each technician by the total number of workweeks worked by Participating Collective Members during the Collective Period.

33.     The Net Settlement Amount shall be distributed to the Participating Collective Members in the form of settlement checks, which will be valid and negotiable for 180 days. All settlement checks shall be accompanied by a letter stating that they are valid and negotiable for 180 days. Plaintiffs' Counsel may call Participating Collective Members who have not cashed their check to remind them to do so within the last 60 days of this 180-day period.

34.     Any amounts remaining as a result of uncashed settlement checks after the 180-day period shall be paid to a *cy pres* recipient selected by the Parties and approved by the Court

in its Final Approval Order.

35.     The Parties agree that the formula for allocating the Net Settlement Fund to the Settlement Collective is reasonable and that the Settlement payments are designed to provide a fair Settlement to all persons within the Settlement Collective and constitutes a significant percentage of actual damages allegedly suffered by each Collective Member.

## CLAIMS PROCEDURE

36.     At the earliest practicable time, Plaintiffs' Counsel shall file an Unopposed Motion for Settlement Approval with supporting papers and shall include this Settlement Agreement. Plaintiffs' Counsel shall provide a copy of the Unopposed Motion for Settlement Approval to Defendant's counsel at the earliest practicable time before filing the Motion and shall not file the Motion for Settlement Approval without the assent of Defendant.

37.     No later than twenty-one (21) calendar days following the entry of an Order by the Court granting approval of the Settlement, Plaintiffs' Counsel shall mail and e-mail to each Settlement Collective Member a notice of the collective action Settlement (the "Notice") in a form which has been approved by Defendant and the Court and Plaintiffs' Counsel, which is attached hereto as Exhibit A, along with a Claim Form, approved by Defendant and the Court, in the form attached hereto as Exhibit B.

38.     If any Notices are returned as undeliverable with no forwarding address, Plaintiffs' Counsel shall run the Collective Members' names and addresses through the appropriate people-finder databases to update the address. Plaintiffs' Counsel may also contact Collective Members by phone if the mailed notice is returned as undeliverable with no forwarding address.

39.     The Notice shall include a description of the formula for payment; the minimum

amount of the settlement share each Collective Member may expect to receive if they submit a timely Claim Form; and an email address that Collective Members may contact for more information about their share. The Notice shall also provide the text of the release applicable to each Collective Member, as well as a statement of the steps that the Collective Member must take to obtain a Settlement payment. The Claim Form shall include a statement that, by returning a timely and valid Claim Form, the individual is opting-in to the FLSA Collective pursuant to 29 U.S.C. §216(b) and is releasing his or her FLSA claims.

40.     Collective Members shall have sixty (60) calendar days to return the Claim Form, which may be returned via regular mail, e-mail, facsimile, or through an electronic signature service set up by Plaintiffs' Counsel. Plaintiffs and Opt-In Plaintiffs do not need to submit a Claim Form to participate in the Settlement.

41.     Plaintiffs' Counsel shall send a duplicate Notice and Claim Form to Collective Members who have not submitted Claim Forms by mail and e-mail 30 days before the end of the claim period.

42.     Collective Members who do not submit a Claim Form will not be eligible to receive a settlement award and will not release any claims against Defendant.

43.     Defendant shall not discourage Collective Members from participating in the settlement and shall not take any retaliatory actions against Collective Members who submit Claim Forms or participate in the settlement.

## PAYMENTS TO PARTICIPATING COLLECTIVE MEMBERS

44.     Plaintiffs' Counsel will be responsible for issuing and mailing the Settlement payments, including any enhancement payments awarded to Plaintiffs by the Court, to participating Collective Members. Plaintiffs' Counsel shall hold the deposited Settlement

DocuSign Envelope ID: 149070D2-4332-4888-8C4A-813B7891644D

amounts as described above in the Settlement Escrow Account.

45.    No later than thirty (30) days following Defendant's paying the Gross Settlement Amount provided for herein in full into the Settlement fund, Plaintiffs' Counsel shall mail to each Participating Collective Member, at his or her last-known address, a Settlement check representing the amount calculated by Plaintiffs' Counsel as that individual's share. If any of the checks mailed as described above is returned to Plaintiffs' Counsel for reasons of improper address or other reasons, Plaintiffs' Counsel will take all appropriate steps to locate such Participating Collective Member for the purposes of sending the check to them.

46.    Participating Collective Members shall have one-hundred eighty (180) days to cash their settlement checks, and Plaintiffs' Counsel shall attempt to locate the addresses of any of the individuals whose checks are returned during the 180-day period. If at the end of 180 days, a Participating Collective Member has not cashed his settlement check, the settlement check will be considered void, and a stop payment will be placed on the check. In that event, the Collective Member shall be deemed to have waived his or her right to claim a share in the Net Settlement Fund.

47.    No person shall have any claim against Defendant, Plaintiffs' Counsel, or Defendant's Counsel, based on distributions or payments made in accordance with this Settlement Agreement.

## RELEASE OF CLAIMS

48.    All Participating Collective Members (hereinafter the "**Releasors**") shall hereby release and forever discharge Defendant and each of its parents, subsidiaries, divisions, affiliates, directors, officers, shareholders, employees, owners, agents, managers, members, insurers, attorneys, and representatives and any and all other persons acting on their behalf (collectively

DocuSign Envelope ID: 149070D2-4332-4888-8C4A-813B7801644D

the "**Releasees**") from any manner of legal or equitable action or cause of action, suits, claims, liabilities, damages, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, known or unknown, which the Releasors now have, ever had, or shall later have against Releasees, arising out of or relating to or in connection with any of the matters alleged or that could have been alleged in this action, including, without limitation, claims arising out of or relating to the contentions of the Plaintiffs in this case that they did not receive overtime or other proper compensation for the time period of December 23, 2013 through February 4, 2017. The releases in this paragraph include all common law claims and statutory claims satisfying the above description, including but not limited to claims under the Fair Labor Standards Act ("FLSA"), and the New York Labor law ("NYLL").

## MISCELLANEOUS

49.    This Settlement shall be binding upon and inure to the benefit of the executing Parties hereto and their respective heirs, trustees, executors, administrators, and successors. The Parties executing this Settlement represent, covenant and warrant that they were not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights hereinafter released and discharged.

50.    For purposes of this Settlement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

51.    The Parties executing this agreement agree that the terms and conditions of this agreement are the result of lengthy and intensive arms' length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the

DocuSign Envelope ID: 140070D2-4332-4888-8C4A-813B7801644D

extent to which any Party or his or her counsel participated in the drafting of this agreement.

52.    This Settlement may not be changed, altered or modified except by a writing signed by authorized representatives of all Parties and approved by the Court.

53.    Nothing contained herein shall be construed or deemed an admission of liability, negligence or wrongdoing on the part of Defendant. Each of the Parties executing this agreement has entered into this Settlement with the intention to avoid further disputes and litigation. This Settlement is a Settlement document and shall be inadmissible as evidence in any proceeding except one to enforce its terms, pursuant to Federal Rule of Evidence 403.

54.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile or email.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  All executed copies of this Settlement Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

55.    This Settlement is entered into in accordance with the laws of the State of New York, which shall govern any interpretation of this Agreement.

56.    The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**    _____    Date: February __, 2018
Deshaun Weston

14

DocuSigned by:

*Gregory Campbell*

DD0AF60EBEE94FA...

Gregory Campbell

Date: February 26, 2018

DocuSigned by:

*Terrence Bachu*

72F2595A2A8248C...

Terrence Bachu

Date: February 26, 2018

## APPROVED AS TO FORM BY CLASS COUNSEL:

_____ Date: February 21, 2018

Harold Lichten, *pro hac vice*
Olena Savytska, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

Shanon J. Carson, *pro hac vice*
Sarah R. Schalman-Bergen, *pro hac vice*
Alexandra K. Piazza, *pro hac vice*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Troy L. Kessler
Saranicole A. Duaban
SHULMAN KESSLER LLP
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100
tkessler@shulmankessler.com
sduaban@shulmankessler.com

*Attorneys for Plaintiffs*

15

**DEFENDANT:** _____ Date: February 26 2018
 TechSol, LLC

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: February 28, 2018
Richard J. Miller, JD, MBA
The Miller Law Firm, P.C.
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
(847) 995-1205 Telephone
(847) 995-1203 Facsimile
richard.miller@millerlawfirm.org

*Attorneys for Defendant*

16

# EXHIBIT A

# L I C H T E N  &  L I S S - R I O R D A N ,  P. C.

### ATTORNEYS AT LAW

HAROLD L. LICHTEN×†
SHANNON LISS-RIORDAN×◇∆
————————
BENJAMIN J. WEBER×□
PETER M. DELANO×
MATTHEW W. THOMSON×
JILL S. KAHN×◇
ADELAIDE H. PAGANO×
THOMAS P. FOWLER×◇
MATTHEW D. CARLSON∆
OLENA SAVYTSKA×

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS  02116
————————
TELEPHONE  617-994-5800
FACSIMILE  617-994-5801
————————————————
466 GEARY STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA  94102
————————
TELEPHONE  415-630-2651

WWW.LLRLAW.COM

————————

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◇ ADMITTED IN NEW YORK
† ADMITTED IN MAINE
□ ADMITTED IN TENNESSEE

## NOTICE OF COLLECTIVE ACTION SETTLEMENT
## FOR CABLE TV INSTALLATION AND REPAIR TECHNICIANS
## WHO WORKED FOR TECHSOL IN NEW YORK

[DATE], 2018

Dear Current or Former TechSol Technician:

We are writing to notify you that a settlement has been reached with TechSol, LLC, formerly known as Technology Solutions, Inc. ("TechSol") covering the period of time from December 23, 2013 to June 24, 2017 (the "Collective Period"). This settlement was approved by the United States District Court for the Eastern District of New York on [DATE], 2018.

**<u>You are receiving this letter because you have been identified as a technician who performed internet, phone, and TV installation and repair services for TechSol in New York, and you may be entitled to a portion of the settlement if you join the settlement by completing and submitting the enclosed Claim Form.</u>**

This Notice explains your right to share in the monetary proceeds of this Settlement and answers to some questions you may have regarding the lawsuit, the settlement of the lawsuit, and your eligibility to receive money as a result of the settlement of the lawsuit.

### *Why am I receiving this Notice?*

On January 11, 2017, Plaintiffs DeShaun Weston, Terrence Bachu, and Gregory Campbell ("Plaintiffs") filed a lawsuit against TechSol alleging that TechSol failed to pay its cable TV installation and repair technicians working in New York overtime for all hours worked in excess of 40 a week in violation of the Fair Labor Standards Act and related state wage and hour laws. As a result of extensive negotiations, Plaintiffs and TechSol have reached a settlement that covers members of the Settlement Collective during the Collective Period who submit a Claim Form in this case. You have been identified as a member of the Settlement Collective. This Notice describes the settlement and informs you of how to receive your share of the settlement, if you are eligible.

# L I C H T E N   &   L I S S - R I O R D A N ,  P. C.

You can take part in the Settlement by returning the enclosed Claim Form and Individual Release ("Claim Form") to our office, which must be submitted electronically or postmarked no later than [DATE], 2018.

### *What is the Settlement Amount and How will it be Distributed?*

Under the terms of the settlement, TechSol will pay $550,000.00 (the "Gross Settlement Amount"). Subject to Court approval, one-third (1/3) of the Gross Settlement Amount, or $183,333.33, will be paid for the attorneys' fees; up to $16,500.00 will be paid for attorneys' costs and expenses; and $2,000.00 will be paid for the costs of administering this settlement. Additionally, $5,000.00 each will be paid from the Gross Settlement Amount to Plaintiffs DeShaun Weston, Gregory Campbell, and Terrence Bachu as enhancement payments for their service to the Settlement Collective, and Gregory Campbell and Terrence Bachu will receive $20,000 each in recognition of the Rule 68 offers of judgment made to them by TechSol. The remainder of the Settlement Amount (the "Net Settlement Amount") will be allocated as follows:

According to records maintained by TechSol, your total estimated settlement payment (assuming you have either already filed an Opt-In Consent Form to join this case or properly complete and return the enclosed Claim Form by the deadline) will be at least $[minimum amount] (less applicable taxes and withholding), depending on the number of individuals who submit a Claim Form. This amount is an estimated amount, and your final settlement payment is expected to differ from this amount and will be calculated as set forth below. If you have not already, and you do not properly complete and return the enclosed Claim Form by the deadline, you will not receive any money in this Settlement.

Specifically, all Participating Collective Members will receive a *pro rata* share of the Net Settlement Amount based the total number of weeks that the Participating Collective Member worked for TechSol as a technician between December 23, 2013 and February 4, 2017. Each week will equal one settlement share. The total number of settlement shares for all Participating Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Participating Collective Member's number of settlement shares to determine the Participating Collective Member's Settlement Award.

All Settlement Award determinations will be based on TechSol's personnel and payroll records. Applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

If you receive a Settlement Award, you will have 180 days to cash your check. If at the conclusion of the 180-day check void period, there are any uncashed checks, the remaining monies will be paid to the Parties' agreed upon *cy pres* recipient, the Legal Aid Society.

If you submit a Claim Form in this case, you will fully release and discharge TechSol from any and all claims that are asserted in the lawsuit or that arise from or are related to the facts alleged in the lawsuit. When claims are "released," that means that a person covered by the

# L I C H T E N   &   L I S S - R I O R D A N ,  P. C.

release cannot sue TechSol for any of the claims that are covered by the release. The claims you are releasing as a member of this settlement are listed at the bottom of the Claim Form you are required to sign to receive your share of the Settlement.

You should be aware that New York law prohibits any retaliation against any individual who participates in this type of litigation or who elects to take a settlement distribution and TechSol has made assurances that they encourage all members of the Settlement Collective to claim their share of the settlement without any fear of retaliation.

***What are my Options?***

You can participate in the settlement by submitting a Claim Form. To do so, you must follow the instructions described below. If you do not submit a Claim Form, you will not be part of the settlement. You will not receive a settlement award, and you will not release any claims against TechSol.

**In order to participate in the settlement and receive your payment, on or before [DATE], 2018, you must complete and mail, fax, email, or electronically submit the attached Claim Form to:**

Shae Cleary, Class Action Administrator
Lichten & Liss-Riordan, P.C.,
729 Boylston Street, Suite 2000
Boston, MA 02116
Fax: 617-994-5801; Phone: 617-994-5800
Email: scleary@llrlaw.com
http://bit.ly/TSIForm

We expect that all Collective Members who return their Claim Forms by the due date will receive their settlement payments by [DATE]. Please note that since the settlement amount may be taxable, you should contact a tax advisor with any questions regarding that matter. If you do not return the Claim Form enclosed with this Notice, you will not receive any money from this Settlement.

We strongly believe that this is a favorable settlement and will constitute a significant percentage of actual damages that you may have incurred. Based upon our many hours of work on this litigation, there is a risk that Plaintiffs would not prevail in this litigation and, given that the calculation of potential damages is difficult, we believe that the settlement is fair and reasonable and is favorable to you.

If you have any questions about the settlement, please feel free to contact any of the attorneys representing the Settlement Collective.

# L I C H T E N   &   L I S S - R I O R D A N ,   P. C.

To obtain copies of documents filed with the court in this case, *Weston v. TechSol, LLC*, Case No. 1:17-cv-00141-CBA-CLP, you may contact Shae Cleary at 617-994-5800 or the Clerk for the United States District Court for the Eastern District of New York at (718) 613-2600.

Sincerely,

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

Troy L. Kessler
Saranicole A. Duaban
SHULMAN KESSLER LLP
534 Broadhollow Road, Suite 275
Melville, NY 11747
(631) 499-9100
tkessler@shulmankessler.com
sduaban@shulmankessler.com

# EXHIBIT B

## CLAIM FORM

*Weston, et al. v. TechSol, LLC, f/k/a Technology Solutions, Inc.*, 1:17-cv-141 (E.D.N.Y.)

**COMPLETE THIS FORM AND MAIL, FAX,  EMAIL, OR SUBMIT ELECTRONICALLY TO:**

Shae Cleary, Class Action Administrator
Lichten & Liss-Riordan, P.C.,
729 Boylston Street, Suite 2000
Boston, MA 02116
Fax: 617-994-5801; Phone: 617-994-5800
Email: scleary@llrlaw.com
http://bit.ly/TSIForm

Name: _____
Address: _____
Home Phone: _____ Cell Phone: _____
Email address: _____

**TO JOIN THIS SETTLEMENT AND RECEIVE A SETTLEMENT AWARD, SIGN AND RETURN THIS CLAIM FORM BY _____, 2018.**

If your address changes, you must send an updated address.  It is your responsibility to keep your address on file and up-to-date so that you can be sure to receive your monetary Settlement Award.

By signing below, I certify that I hereby consent and agree to join this lawsuit, and I hereby opt in to become a plaintiff in this lawsuit and consent to be bound by the collective action settlement, including of all Released Claims as set forth in the NOTICE OF COLLECTIVE ACTION SETTLEMENT.

I understand and agree that my signature below constitutes a full and complete release by me of TechSol, LLC f/k/a Technology Solutions, Inc. and each of its parents, subsidiaries, divisions, affiliates, directors, officers, shareholders, employees, owners, agents, managers, members, insurers, attorneys, and representatives and any and all other persons acting on their behalf (collectively, the "Releasees") from any manner of legal or equitable action or cause of action, suits, claims, liabilities, damages, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, known or unknown, which I now have, ever had, or shall later have against Releasees, arising out of or relating to or in connection with any of the matters alleged or that could have been alleged in this action, including, without limitation, claims arising out of or relating to the contentions of the Plaintiffs in this case that they did not receive overtime or other proper compensation for the time period of December 23, 2013 through February 4, 2017. The releases in this paragraph include all common law claims and statutory claims satisfying the above description, including but not limited to claims under the Fair Labor Standards Act ("FLSA"), and the New York Labor law ("NYLL").

Date:_____                    _____
                                                                    Signature